**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-672C

(Filed: November 16, 2016)

**FILED**
NOV 1 6 2016
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JEROME RANDOLPH, | |
| Plaintiff, | Rule 12(b)(1) Motion to Dismiss; Motion for Judgment on the Administrative Record; Review of Military Board Decisions; Review of Court-Martial Conviction; Defamation Claim. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Jerome Randolph,* Baton Rouge, Louisiana, *pro se* Plaintiff.

*Alexis J. Echols,* with whom were *Benjamin C. Mizer,* Deputy Principal Assistant Attorney General, *Robert E. Kirschman, Jr.,* Director, *Douglas K. Mickle,* Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Dawn M. Steinberg,* Litigation Attorney, Office of the Judge Advocate General, U.S. Department of the Navy, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

Jerome Randolph, a *pro se* plaintiff, received a dishonorable discharge from the U.S. Navy following a court-martial conviction. Mr. Randolph seeks review and reversal of the decision of the Board of Correction for Naval Records ("BCNR") not to upgrade his discharge status to honorable. He also requests back pay, applicable promotions and retirement associated with the corrected discharge. In addition, Mr. Randolph seeks the expungement of his court-martial conviction and damages against the Government for defamation. The Government has filed a motion to dismiss for lack of jurisdiction, or in the alternative, a motion for judgment on the administrative record. For the reasons explained below, the Court GRANTS the Government's motion to dismiss Mr. Randolph's request for review of his court-martial conviction and his defamation claim for lack of

jurisdiction, but DENIES the Government's motion to dismiss Mr. Randolph's request to upgrade his discharge status. However, the Court GRANTS the Government's motion for judgment on the administrative record as to Mr. Randolph's request to upgrade his discharge status and to grant applicable back pay because the BCNR's decision was reasonable and supported by substantial evidence.

## Background

Mr. Randolph served as a naval officer from June 2000 until his release in 2011. Administrative Record ("AR") 124. In 2009, a Seaman Recruit reported that Mr. Randolph had sexually assaulted her. AR 58. Mr. Randolph at first denied the allegation and further denied having any sexual contact whatsoever with the Seaman Recruit. AR 63. During an investigation, the Navy forensic examiner found Mr. Randolph's semen on the Seamen Recruit's clothing and genitalia. Id. Mr. Randolph was brought before a court-martial for three violations of the Uniform Code of Military Justice ("UCMJ") including Article 107 (making a false official statement), Article 133 (conduct unbecoming an officer and a gentleman) and Article 120 (rape and carnal knowledge). See 10 U.S.C. §§ 907, 933, 920. On September 9, 2009, Mr. Randolph pled guilty to violating Articles 107 and 133. AR 124-29. Specifically, Mr. Randolph admitted that he did have sexual contact with the Seaman Recruit and it was "particularly prejudicial to good order and discipline" because Mr. Randolph was her department head. AR 126. In addition, Mr. Randolph admitted to making false official statements with "the intent to deceive." AR 128. The charge for violating Article 120 was dropped. AR 359. Mr. Randolph was sentenced to confinement for 24 months and he received a dishonorable discharge from the Navy. AR 359-61.

On December 13, 2011, Mr. Randolph submitted his first petition to the BCNR requesting the expungement of his general court-martial, back pay with applicable promotions, and an upgraded discharge characterization to honorable.[1] AR 32, 116-17. Mr. Randolph argued that he was entitled to relief because the allegations of rape were false and the Article 120 charge was dismissed. AR 116. In reviewing Mr. Randolph's petition, the BCNR considered Mr. Randolph's naval record, the record of trial, the Stipulation of Fact in which Mr. Randolph admitted to misconduct, and mitigating evidence of Mr. Randolph's good military character. AR 27, 118-348. On January 24, 2013, the BCNR denied Mr. Randolph's petition for relief stating that "the evidence submitted was insufficient to establish the existence of probable material error of injustice . . . ." AR 28.

Mr. Randolph twice petitioned the BCNR for reconsideration, and wrote letters to his Senator and the Secretary of Defense to request further assistance. AR 5-6, 10, 15.

---

[1] The BCNR administratively closed Mr. Randolph's petition without prejudice because "there [was] no documentation of a court martial" but informed Mr. Randolph that his request could be re-opened if evidence of a court-martial was filed in his record. AR 114. Mr. Randolph filed the record of his court-martial with the BCNR and his case was re-opened in July of 2012. Id.

2

Each time the BCNR denied Mr. Randolph's request, and informed Mr. Randolph that he had provided no new information that was likely to have a substantial effect on the outcome of the case. AR 6, 15. Finally, following a request from the Secretary of the Navy, the BCNR informed Mr. Randolph that his case was closed and that his next "remedy is [to] appeal to the court of appropriate jurisdiction." AR 6.

On June 30, 2016, Mr. Randolph filed his complaint in this case asserting claims similar to those asserted before the BCNR. Primarily, Mr. Randolph argues that since "Article 120 . . . was dismissed, [] the case itself should have been dismissed in that the entire case stemmed from the accusations made." Compl. ¶ 4. On September 2, 2016, the Government filed a motion to dismiss for lack of subject matter jurisdiction or, alternatively, for judgment on the administrative record. On October 20, 2016, Mr. Randolph filed his response in opposition to the Government's motion. On November 8, 2016, the Government filed its reply it support of its motion. The matter is now fully briefed.

Discussion

The Tucker Act gives the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1); Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). Failure to establish jurisdiction under the Tucker Act requires this Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014). Although the Court has jurisdiction to hear claims for money damages, the Tucker Act itself "does not create a cause of action for those claims." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke this Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher, 402 F.3d at 1172)). Pursuant to this standard, Mr. Randolph must identify a money-mandating source of law as the basis for his claims.

When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Erikson v. Pardus, 551 U.S. 178, 189 (1936). Courts hold pleadings made by a *pro se* plaintiff to a less stringent standard and liberally construe language in the plaintiff's favor. Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). Applying this standard, Mr. Randolph's complaint can be interpreted to assert three separate claims. First, Mr. Randolph requests that his dishonorable discharge be upgraded to an honorable discharge and he seeks "back pay, applicable promotions and retirement." Compl. ¶¶ 1, 7. Second, Mr. Randolph requests "that [his] record of General Court Martial be expunged." Id. ¶ 6. Third, Mr. Randolph asserts that the Government committed defamation by accusing him of a crime. Id. ¶ 4. As related to Mr. Randolph's first claim,

the Court DENIES the Government's motion to dismiss but GRANTS the Government's motion for judgment on the administrative record. As related to Mr. Randolph's remaining two claims, the Court GRANTS the Government's motion to dismiss for lack of subject matter jurisdiction.

>A. The Government is Entitled to Judgment on the Administrative Record as to Mr. Randolph's Request for an Upgraded Discharge and Back Pay.

Section 204 of the Military Pay Act is money-mandating and may serve as the basis for jurisdiction in this Court under the Tucker Act. 37 U.S.C. § 204; Tippet v. United States, 185 F.3d 1250 1255 (Fed. Cir. 1999) (citing Sanders v. United States, 594 F.2d 804, 810 (Ct. Cl. 1979) (en banc)). Section 204 guarantees an officer pay appropriate to his military status until the officer is properly separated from service. Id. This Court has jurisdiction to adjudicate requests for upgraded military discharge status so long as the plaintiff alleges that "because of the unlawful discharge, the plaintiff is entitled to money in the form of the pay that the plaintiff would have received but for the unlawful discharge." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003); see also Tippett, 185 F.3d at 1254-55. When a plaintiff asserts that his discharge was involuntary or improper, he also generally asserts a violation of his statutory right to pay. Adkins v. United States, 68 F.3d 1317, 1321 (Fed. Cir. 1995). Mr. Randolph claims that he was improperly discharged on the basis of false accusations. Compl. ¶ 4. Mr. Randolph's complaint can be reasonably interpreted to request the back pay, promotions and retirement he would have received had he not been dishonorably discharged. Compl. ¶¶ 1, 7; see also Pl.'s Resp. at 2 ("Plaintiff's cause of action is authorized under the Military Pay Act, 37 U.S.C. § 204."). Thus, the Government's motion to dismiss Mr. Randolph's claim for an upgraded discharge status is DENIED.

However, the Government's motion for judgment on the administrative record as to Mr. Randolph's improper discharge claim is GRANTED. In reviewing a motion for judgment on the administrative record, a court must determine whether a party has met his burden of proof based upon the evidence in the record. A&D Fire Protection, Inc. v. United States, 72 Fed. Cl. 126, 131 (2006). Any questions of fact should be resolved by reference to the administrative record "as if [a court] were conducting a trial on [that] record." Bannum, Inc. v. United States, 404 F.3d 1346, 1357 (Fed. Cir. 2005). Mr. Randolph has the burden of proving that the BCNR's decision was arbitrary, capricious, unsupported by substantial evidence or contrary to the law. Lewis v. United States, 458 F.3d 1372, 1376 (Fed. Cir. 2006). As long as the board's decision was reasonable and based upon substantial evidence, this Court will not disturb the result. Wronke v. Marsh, 787 F.2d 1569 (Fed. Cir. 1986); Van Cleave v. United States, 70 Fed. Cl. 674, 678-79 (2006).

The BCNR only has the authority to correct a naval record to reflect actions taken by reviewing authorities within the court-martial system or to grant clemency. 10 U.S.C. § 1552(f); AR 28. The BCNR does not have the authority to expunge general court-martial

convictions. 10 U.S.C. § 1552(f). In reviewing Mr. Randolph's petition, the BCNR considered Mr. Randolph's naval record, applicable law, an executive summary of the Naval Criminal Investigative Service investigation, the record of trial from the general court-martial, Stipulations of Fact signed by Mr. Randolph, and mitigating evidence submitted by Mr. Randolph. AR 27, 57-59, 118-348. Mr. Randolph argues that since his Article 120 rape charge was dropped, his discharge was improper. Comp. ¶4. However, the record shows that Mr. Randolph pled guilty to violating Article 107 and 133 by making a false statement and having sexual relations with the Seaman Recruit. AR 124-29. It was reasonable for the BCNR to conclude that under these facts Mr. Randolph's case did not warrant upgrading his discharge status and granting back pay. AR 28. The January 24, 2013 decision states that the board "carefully weighed all potentially mitigating factors" but found these factors insufficient to warrant upgrading Mr. Randolph's discharge status. Id. Moreover, when Mr. Randolph subsequently requested reconsideration, the board notified him that there was no new evidence that would substantially effect the board's decision. AR 6, 15.

The Court is satisfied that the BCNR's decision was reasonable and supported by ample evidence, including Mr. Randolph's own guilty pleas. Mr. Randolph has not met his burden to show that the BCNR's decision was arbitrary, capricious or contrary to law, and thus judgment upon the administrative record in favor of the Government is appropriate.

> B. This Court does not have Subject Matter Jurisdiction over Mr. Randolph's remaining Claims.

Next, Mr. Randolph requests that the Court expunge the record of his general court-martial conviction, and opposes the Government's motion to dismiss this claim. Compl. ¶ 7; Pl.'s Resp. at 3. It is well established law that a plaintiff cannot seek review of a court-martial conviction except before the United States Court of Appeals for the Armed Forces or the Supreme Court. Pub. L. 98-209, 97 Stat. 1393 (1983); Bowling v. United States, 713 F.2d 1558, 1560 (Fed. Cir. 1990). As an exception to this rule, the Tucker Act provides that this Court may "issue orders directing . . . correction of applicable records" in addition to a monetary remedy. 28 U.S.C. § 1491(a)(2). Mr. Randolph argues that this language grants the Court the authority to expunge his conviction because he is simultaneously seeking monetary relief in the form of back pay. Pl.'s Resp. at 3. However, Mr. Randolph misunderstands the scope of the Tucker Act. This Court only has the authority to grant equitable relief, in the form of correction of records, when that relief is collateral to a money judgment. Watson v. United States, 113 Fed. Cl. 615, 626 (2013). It does not have the authority to review a court-martial convictions simply because the plaintiff simultaneously seeks related monetary relief.

To raise a collateral attack on a court-martial conviction, "the pleader must state facts showing a lack of such fundamental fairness in the military proceedings as to impair

constitutional guarantees of due process." Tindle v. United States, 56 Fed. Cl. 337, 342 (2003) (citing United States v. Augenblick, 292 U.S. 348, 356 (1969) ("[A] constitutionally unfair trial take[s] place only where the barriers and safeguards are so relaxed or forgotten . . . that the proceeding is more a spectacle . . . .")). Mr. Randolph has not alleged any constitutional violations, nor can any allegation be reasonably inferred by the language of the complaint. Mr. Randolph simply states that the rape allegations were false and should have "negated further action or punishment as the allegations themselves came from a false accusation." Compl. ¶ 4. Further Mr. Randolph was represented by counsel during his court-martial and voluntarily pled guilty to violating Articles 107 and 133. AR 495-503.

Absent allegations that his constitutional due process rights were violated, this Court does not have the authority to review Mr. Randolph's court-martial conviction. Thus, the Government's motion to dismiss Mr. Randolph's request for the expungement of his court-martial conviction is GRANTED.

Finally, this Court does not have the authority to hear defamation claims. 28 U.S.C. § 1491(a)(1) (stating that this Court has jurisdiction over claims "not sounding in tort."); Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993). The Federal Tort Claims Act grants jurisdiction to hear tort claims, such as defamation, exclusively to federal district courts. 28 U.S.C. § 1346(b)(1). Insofar as Mr. Randolph's complaint may be construed to assert a defamation claim, the Government's motion to dismiss is GRANTED.

## Conclusion

For the reasons stated above, the Government's motion to dismiss is GRANTED as to Mr. Randolph's request for review of his court-martial conviction and defamation claims. Those claims are DISMISSED without prejudice. In addition, the Government's motion for judgment on the administrative record is GRANTED as to Mr. Randolph's request for an upgraded discharge status, back pay, applicable promotions and retirement status. The Clerk of the Court shall enter judgment accordingly. No costs.

IT IS SO ORDERED.

*s/ Thomas C. Wheeler*
THOMAS C. WHEELER
Judge